IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RODNEY A. BALLARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ATTORNEY GENERAL JON BRUNING,** | ) | |
| **individually and in his official capacity,** | ) | **4:07CV3122** |
| **GOVERNOR DAVID HEINEMAN,** | ) | |
| **individually and in his official capacity, and** | ) | **ORDER** |
| **TROOPER No. 371, individually and in his** | ) | |
| **official capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the motion [40] of defendants Bruning, Heineman, and Trooper No. 371, in their individual and official capacities, to stay the progression of this case pending the district court's ruling on their Motion to Dismiss [42]. As a ground for dismissal, the movants contend they have sovereign and eleventh amendment immunity with respect to the plaintiff's "official capacity" claims.

Unless the complaint states a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985). Upon review of the file, I find that the motion should be granted, without prejudice to plaintiff filing, if necessary, a motion for leave to conduct limited discovery on the issue of qualified immunity.

A Rule 26(f) reporting deadline will be entered, if necessary, by further order after the Motion to Dismiss is decided.

**IT IS SO ORDERED.**

**DATED July 23, 2007.**

                                              **BY THE COURT:**

                                              **s/ F.A. Gossett**
                                              **United States Magistrate Judge**