IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RODNEY A. BALLARD,** | ) | CASE NO. 4:07CV3122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| **DAVID HEINEMAN, Governor,** | ) | AND ORDER |
| **individually and in his official** | ) | |
| **capacity, JON BRUNING, Attorney** | ) | |
| **General, individually and in his** | ) | |
| **official capacity, JEFFREY MEYER,** | ) | |
| **Lincoln County Attorney, individually** | ) | |
| **and in his official capacity, and** | ) | |
| **TROOPER NO. 371, individually and** | ) | |
| **in his official capacity,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Filing No. 42). For the reasons stated below, the motion will be granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the pending motion, the Court accepts all allegations in the Amended Complaint (Filing No. 14) as true, and draws all reasonable inferences from those allegations in favor of the Plaintiff. The following is a summary of those allegations.

The Plaintiff, Rodney Ballard is an African-American resident of Lancaster County, Nebraska. (*Id.* ¶¶ 4, 9, 10, 30). Defendant Jon Bruning at all relevant times served as Nebraska's Attorney General. (*Id.* ¶ 5). Defendant David Heineman at all relevant times served as Nebraska's Governor. (*Id.* ¶ 6). Trooper No. 371 (the "Trooper") at all relevant times was employed by an agency of the State of Nebraska, the Nebraska State Patrol. (*Id.* ¶¶ 8, 35).

On November 14, 2005, Ballard was a passenger in an automobile traveling on Interstate 80 in Lincoln County, Nebraska, with two other African-American males. (*Id.* ¶ 9, 10). The Trooper stopped the vehicle, "allegedly" for following too closely to another vehicle.[1] (*Id.* ¶ 11). During the course of the stop, the Trooper searched the vehicle without permission of the driver or passengers, probable cause, or a warrant. (*Id.* ¶ 12). The Trooper discovered narcotics in the course of the search, although the narcotics were not found on Ballard's person or in his belongings. (*Id.* ¶ 13). As a result of the search, the Lincoln County Attorney's office brought charges against Ballard, causing Ballard to be detained in the Lincoln County Jail for 40 days. (*Id.* ¶¶ 14-15). The charges were later dismissed by the Lincoln County District Court due to a finding that the stop was the result of racial profiling and the search was unlawful. (*Id.* ¶ 16). Ballard suffered damages as a result of the search, arrest and detention. (*Id.* ¶ 18).

Ballard alleges four causes of action against the Defendants. First, he alleges that the Trooper's actions violated Ballard's rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983. (*Id.* ¶¶ 22-24). Although this First Cause of action purports to seek relief from all Defendants, no claim is stated against Defendants Bruning and Heineman. Second, Ballard alleges that the Trooper and County Attorney Jeffrey Meyer[2] violated Ballard's rights of due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by arresting and detaining him. (*Id.*

---

[1]Liberally construing the Amended Complaint, I understand the Plaintiff to assert that the Trooper had no objectively reasonable belief that a law had been violated.

[2]Defendant Jeffrey Meyer was dismissed from this action on the motion of the Plaintiff (see Filing Nos. 33 and 37), and Meyer's name will be stricken from future captions. The dismissal occurred after the filing of the Second Amended Complaint.

¶¶ 25-28).  Again, although this Second Cause of Action purports to seek relief from all Defendants, no claim is stated against Defendants Bruning and Heineman.  Third, Ballard alleges that the Trooper violated Neb. Rev. Stat. §§ 20-501 et seq. (2004) by engaging in racial profiling.  Again, although this Third Cause of Action purports to seek relief from all Defendants, no claim is stated against Defendants Bruning and Heineman.  Fourth, Ballard alleges that Defendants Bruning and Heineman instituted and implemented a policy and practice of authorizing and training Nebraska State Troopers to engage in racial profiling, with deliberate indifference to rights of minorities to be free from unreasonable searches and seizures under the Fourth Amendment and to be accorded equal protection of the law under the Fourteenth Amendment.  (*Id.* ¶¶ 34-36).  Although this Fourth Cause of Action purports to seek relief from all Defendants, it states no claim against the Trooper.  With respect to all four causes of action, Ballard seeks general and compensatory damages, costs, expenses, attorneys' fees and "such other and further relief as the Court may deem just and proper."

The Defendants Bruning, Heineman, and Trooper No. 371 moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that (1) the Defendants, in their official capacities, have immunity under the Eleventh Amendment to the United States Constitution; (2) Nebraska statutes, Neb. Rev. Stat. §§ 20-501 et seq., do not provide for a private civil cause of action; (3) Bruning and Heineman, in their individual capacities, cannot be held vicariously liable in an action under 42 U.S.C. § 1983 under a respondeat superior theory of liability; and (4) Bruning and Heineman are entitled to qualified immunity in their individual capacities.

**STANDARD OF REVIEW**

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges the actual existence of the Court's subject matter jurisdiction. The party asserting jurisdiction has the burden of proving that jurisdiction is proper. *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Although a motion to dismiss under Rule 12(b)(1) will not be granted lightly, it is proper when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows that there is no basis for jurisdiction. *Wheeler v. St. Louis Southwestern Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996).

A motion to dismiss under Rule 12(b)(6) will only be granted if "it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). This Court will accept, as it must, all of the Plaintiff's factual allegations as true. *Howard v. Coventry Healthcare*, 293 F.3d 442, 444 (8th Cir. 2002).

**DISCUSSION**

First, the Defendants move to dismiss all causes of action against them in their official capacities, noting that such causes of action are essentially against the state itself, and that the state has not waived its sovereign immunity under the Eleventh Amendment. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Plaintiff does not contest the fact that the Defendants in their official capacities are immune from suit for damages, but asserts that he has sought "prospective relief" against them in their official capacities by requesting "such other and further relief as the Court may deem just and proper." See Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, Filing No. 46,

p. 3, n.2. While it is acknowledged that Eleventh Amendment immunity does not prevent a plaintiff from seeking prospective relief against state officials in their official capacities (*Will*, 491 U.S. at 71 n.10), nothing in the Plaintiff's Amended Complaint puts the Defendants on notice that the Plaintiff is seeking any prospective relief, and all causes of action against the Defendants in their official capacities will be dismissed.

Second, the Defendants assert that Nebraska statutes do not create any private civil cause of action for alleged damages related to racial profiling. The Plaintiff offers no response to this assertion. Accordingly, the Plaintiff's failure to discuss this issue is considered to be an abandonment of the Third Cause of Action in the Amended Complaint. See NECivR 39.2(c).

Third, Defendants Bruning and Heineman assert that they cannot be held vicariously liable in their individual capacities in an action under 42 U.S.C. § 1983, based on a respondeat superior theory of liability. ("It is well settled that "[r]espondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997), quoting *Kulow v. Nix*, 28 F.3d 855, 858 (8th Cir. 1994), and *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990)). The Defendants contend that the Plaintiff has attempted to circumvent dismissal of his claims by "cleaver" and "artful" pleading, alleging that Bruning and Heineman, acting under color of state law, knowingly instituted and implemented policies and practices of racial profiling within the Nebraska State Patrol, through which Nebraska State Troopers were authorized and trained to engage in racial profiling, and as a consequence of which the Plaintiff was subjected to an unreasonable search and seizure. This Court agrees that Defendants Bruning and Heineman cannot be held vicariously liable for the wrongful actions of the Trooper, alleged in the Plaintiff's First

5

and Second Causes of action.  The Fourth Cause of Action, however, alleges direct conduct on the part of Defendants Bruning and Heineman, and alleges that such conduct violated the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.  At this stage of the proceedings, this Court is bound to accept the Plaintiff's allegations as true, and those allegations are sufficient to withstand a motion to dismiss.

Fourth, the Defendants Bruning and Heineman assert that they are entitled to qualified immunity from suit in their individual capacities.  In determining whether state officials are entitled to qualified immunity, a court must first consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendant officials violated a federal statutory right.  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  If no right would have been violated were the allegations true, there is no need for further inquiry concerning qualified immunity.  *Id.*  If a plaintiff has effectively alleged a violation of such a right, then the court must inquire whether the right was clearly established.  *Id.; Ware v. Morrison*, 276 F.3d 385, 387 (8th Cir. 2002).  For a right to be "clearly established," the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  In other words, if the law did not put a defendant on notice that his or her conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Bradley v. Arkansas Dept. of Educ.*, 301 F.3d 952, 955-56 (8th Cir. 2002).  "A Rule 12(b)(6) dismissal based on qualified immunity is appropriate 'when the immunity is established on the face of the complaint.'" *Dornheim v.*

*Sholes,* 430 F.3d 919, 926 (2005), quoting *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997), and *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).

A law enforcement officer's stop of an automobile results in a seizure of both the driver and the passenger, and the passenger has standing to object to an unreasonable seizure on Fourth Amendment grounds. *Brendlin v. California*, 127 S. Ct. 2400, 2407-08 (2007); *United States v. Ameling*, 328 F.3d 443, 446-47, n.3 (8th Cir. 2003). The constitutionality of a traffic stop depends upon whether the officer had an objectively reasonable belief that a law had been violated. *United States v. Washington*, 455 F.3d 824, 827 (8th Cir. 2006). The subjective intent of the police officer is not relevant. *Atwater v. City of Lago Vista*, 532 U.S. 318, 363 (2001), citing *Whren v. United States*, 517 U.S. 806, 818 (1996). Construing the Amended Complaint in a light most favorable to the Plaintiff, it is alleged that the Trooper stopped the vehicle in which the Plaintiff was riding solely due to the race of the occupants, and without an objectively reasonable belief that a law had been violated, and that Defendants Bruning and Heineman intentionally authorized such a policy and practice. Whether the Trooper in this case had an objectively reasonable belief that a law had been violated before he stopped the car in which the Plaintiff was a passenger is not a matter that this Court can determine in the context of a motion to dismiss. Neither can this Court determine, in the context of the pending motion, whether Defendants Bruning and Heineman exercised supervisory authority over the Nebraska State Patrol to implement a policy and practice of training officers to commit unconstitutional seizures. Because qualified immunity on the part of Defendants Bruning

and Heineman is not established on the face of the Amended Complaint, their motion to dismiss under Rule 12(b)(6) on that basis must be denied.

## CONCLUSION

Defendant Trooper No. 371, in his personal capacity, will be required to respond to the First and Second Causes of Action in the Plaintiff's Amended Complaint, and Defendants Bruning and Heineman, in their personal capacities, will be required to respond to the Fourth Cause of Action. In all other respects, the Defendants' Motion to Dismiss is granted.

IT IS ORDERED:

1. All claims in the Amended Complaint against Defendants Jon Bruning, David Heineman and Trooper No. 371 in their official capacities are dismissed;

2. The Plaintiff's First and Second Causes of Action are dismissed as to Defendants Jon Bruning and David Heineman;

3. The Plaintiff's Third Cause of Action is dismissed as to all Defendants;

4. The Plaintiff's Fourth Cause of Action is dismissed as to Defendant Trooper No. 371;

5. The Clerk will amend the caption to remove the reference to Lincoln County Attorney Jeffrey Meyer, individually and in his official capacity, in accordance with the Court's Order of July 19, 2007 (Filing No. 37), and to remove the reference "and in his official capacity" with respect to Defendants Jon Bruning, David Heineman, and Trooper No. 371; and

6. Defendant Trooper No. 371 will respond to the First and Second Causes of Action, and Defendants Jon Bruning and David Heineman will respond to the Fourth Cause of Action, on or before September 14, 2007.

DATED this 27th day of August, 2007.

         BY THE COURT:

         s/Laurie Smith Camp
         United States District Judge